IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY J. WILEY,<br><br>     Plaintiff,<br><br>  vs.<br><br>NORFOLK REGIONAL CENTER,<br>ROSETTA MCALLISTER, RN; TOM<br>BARR, Manager; MIKE EPPMAN,<br>Social Worker; DON WITMAR, Head<br>Compliance Specialist; KRISS BOE<br>SIMMONS, Co-Manager/Assistant<br>Manager; DIANE, Head Nurse<br>Supervisor; SGT. ROWE, Nebraska State<br>Patrol; and NEBRASKA STATE<br>PATROL,<br><br>     Defendants. | **8:20CV147**<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff filed his Complaint on April 20, 2020. (Filing 1.) He has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff has been civilly committed to the Norfolk Regional Center ("NRC"). He brings this 42 U.S.C. § 1983 action against the NRC, various NRC officials and employees (collectively "NRC Defendants"[1]), the Nebraska State Patrol ("NSP"),

---

[1] The NRC Defendants are Rosetta McAllister, RN; Tom Barr, Manager; Mike Eppman, Social Worker; Don Witmar, Head Compliance Specialist; Kriss Boe

and NSP Sergeant Rowe, alleging that the NRC Defendants made and placed restrictions on Plaintiff's "phone access" after NSP Sergeant Rowe contacted Defendant Witmar at the NRC and "told him to restrict Phone access due to Westgate Bank in Lincoln filing a police report out of Retaliation." (Filing 1 at CM/ECF p. 6.) Plaintiff states that he has "no protection order just a request not to call." (*Id.*) Plaintiff alleges that the Defendants violated his First Amendment right to freedom of speech, and he requests $500,000 from each Defendant.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard

Simmons, Co-Manager/Assistant Manager; and Diane, Head Nurse Supervisor. (Filing 1 at CM/ECF p. 7.)

than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Because Plaintiff does not specify the capacity in which he sues the NRC Defendants and Sergeant Rowe, the court must assume he brings claims against these Defendants in their official capacities only. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." (internal citations omitted)).

## A.  Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and employees of a state sued in the employees' official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity.

3

Here, Plaintiff seeks only monetary damages from the NRC, the NSP, and from the NRC Defendants and Sergeant Rowe in their official capacities. As discussed above, the Eleventh Amendment bars monetary damages claims against the state, its instrumentalities, and state employees sued in their official capacities absent a waiver of immunity by the state or an override of immunity by Congress. There is no indication that Nebraska waived or Congress overrode immunity here. Because the NRC and the NSP are both state instrumentalities, they are entitled to Eleventh Amendment immunity.[2] *See Steckelberg v. Rice*, 184 F. Supp. 3d 746, 754 n.4 (D. Neb. 2016), *aff'd*, 878 F.3d 630 (8th Cir. 2017) (Nebraska State Patrol is a department of the State of Nebraska); *Pointer v. Lincoln Reg'l Ctr.*, No. 8:08CV80, 2008 WL 2773859, at *2 (D. Neb. July 14, 2008) (Lincoln and Norfolk Regional Centers are both state instrumentalities). Further, the individually named Defendants enjoy sovereign immunity for damages claims made against them in their official capacities.

Therefore, Plaintiff's claims against the NRC, the NSP, and the NRC Defendants and Sergeant Rowe in their official capacities are barred by the Eleventh Amendment and may not proceed further.

## B.  If Plaintiff Amends Complaint to Sue in Individual Capacities

Plaintiff could attempt to state a First Amendment claim under 42 U.S.C. § 1983 by amending his Complaint to sue Defendants McAllister, Barr, Eppman, Witmar, Simmons, Diane, and Rowe in their individual capacities. *See Karsjens v. Jesson*, 6 F. Supp. 3d 916, 939 (D. Minn. 2014) (civilly committed plaintiffs raised plausible claim that First Amendment rights may be violated by overly restrictive

---

[2] Moreover, a suit may be brought under § 1983 only against a "person" who acted under color of state law. A state is not a "person" as that term is used in § 1983 and is not suable under the statute. *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). Thus, § 1983 does not create a cause of action against the NRC or NSP.

policies limiting phone use); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend pleadings] when justice so requires."). If Plaintiff chooses to file such an amended complaint, he should be aware of the allegations necessary to state a plausible claim.

In his current Complaint, Plaintiff alleges that all Defendants were responsible for "making such restrictions," but he also alleges that Defendant Diane is McAllister's supervisor, and that Barr and Simmons are Witmar's supervisors. Being a supervisor is not enough to create liability under 42 U.S.C. § 1983. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." *Ashcroft*, 556 U.S. at 676 (emphasis added). Therefore, Plaintiff should be careful to explain how the actions of *each* individual Defendant violated the First Amendment.

As to the elements of a First Amendment claim, Plaintiff should realize that "[a]ny form of involuntary confinement, whether incarceration or involuntary commitment, may necessitate restrictions on the right to free speech." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1038-39 (8th Cir. 2012) (internal quotation marks and citations omitted). In the prison context, the Eighth Circuit Court of Appeals has held that analyzing an inmate's First Amendment right to communicate with those outside the institution is fact-intensive, and prisoners do not have a right to unlimited telephone use. *Id.* at 1039. In *Beaulieu*, the parties agreed that the standard set forth in *Turner v. Safley*, 482 U.S. 78 (1987), applied in determining the constitutionality of a policy limiting the telephone usage of civilly committed patients, and the court applied that standard:

> (1) whether there is a valid, rational connection between the regulation and legitimate governmental interests put forward to justify it; (2) whether alternative means of exercising their rights remain open to the prisoners; (3) whether accommodation of the asserted rights will trigger a "ripple effect" on fellow inmates and prison officials;

5

and (4) whether a ready alternative to the regulation would
fully accommodate the prisoners' rights at de minimis cost
to the valid penological interest.

*Beaulieu*, 690 F.3d at 1039 (internal quotation marks and citation omitted). *See also
Bennett v. Turner*, No. C15-4197, 2015 WL 9165926, at *5 (N.D. Iowa Dec. 16,
2015) (applying *Turner v. Safley* factors to First Amendment claim by civilly
committed plaintiff challenging telephone-use restrictions; noting courts' holdings
that prisons and hospitals have great latitude to restrict telephone access and very
rigid restrictions are permissible as long as detainees can still "communicate with
the outside world").

In amending his Complaint, Plaintiff must allege enough facts to allow the
court to apply the *Turner* factors, including the nature of, and alleged reason for, the
denial of Plaintiff's access to the telephone; whether Plaintiff was allowed to make
other telephone calls; whether telephone restrictions were universally applied at his
institution; and whether Plaintiff was given an alternative means to communicate
with the outside world. *Bennett*, 2015 WL 9165926, at *5 (civilly committed
plaintiff failed to state First Amendment claim challenging telephone-use
restrictions because plaintiff omitted details that would allow court to apply *Turner*
factors).

## C.  Rule 8

If Plaintiff chooses to file an amended complaint, he should remember that
although complaints filed by pro se litigants are held to less stringent standards than
those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S.
519, 520 (1972), pro se litigants must still comply with the Federal Rules of Civil
Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain
"a short and plain statement of the claim showing that the pleader is entitled to relief"
and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2),
(d)(1). A complaint must state enough to "'give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). As written, Plaintiff's Complaint fails to meet this minimal pleading standard. *See Iqbal*, 556 U.S. at 677-78 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotations omitted)).

Therefore, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his First Amendment claim against Defendants McAllister, Barr, Eppman, Witmar, Simmons, Diane, and Rowe in their individual capacities. *Plaintiff should be mindful to clearly explain what Defendants did to him, when Defendants did it, how Defendants' actions harmed him, and what specific legal rights Plaintiff believes Defendants violated.* Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint—that is, it must stand on its own. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1.     The Clerk of Court shall add as Defendants the Nebraska State Patrol and NSP Sergeant Rowe in the case caption for this case.

2.     Plaintiff shall have until **June 26, 2020**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint**.

3.     The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4.     The Clerk of Court is directed to set a pro se case management deadline using the following text: **June 26, 2020**: amended complaint due.

DATED this 28th day of May, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

8