IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY J. WILEY,<br><br>        Plaintiff,<br><br>vs.<br><br>NORFOLK REGIONAL CENTER, ROSETTA MCALLISTER, RN; TOM BARR, Manager; MIKE EPPMAN, Social Worker; DON WITMAR, Head Compliance Specialist; KRISS BOE SIMMONS, Co-Manager/Assistant Manager; DIANE, Head Nurse Supervisor; THE NEBRASKA STATE PATROL, and NSP SERGEANT ROWE,<br><br>        Defendants. | **8:20CV147**<br><br><br>**MEMORANDUM<br>AND ORDER** |

      On May 28, 2020, this court granted Plaintiff leave to file an amended complaint to allege facts stating a First Amendment claim under 42 U.S.C. § 1983 against the individually named Defendants in their individual capacities related to telephone restrictions Defendants have placed on Plaintiff, who is civilly committed to the Norfolk Regional Center ("NRC"). (Filing 6.) Plaintiff has now filed an Amended Complaint (Filing 7) against Defendants Kriss Boe Simmons, Tom Barr, and Diane (head nurse supervisor at NRC) in their individual capacities.

      Plaintiff alleges that these three Defendant policymakers were responsible for enacting and subjecting him (and other patients) to a NRC policy that allows staff to place and listen to telephone calls whenever the "outside world makes complaints to State Patrol officers," despite the lack of probable cause and "clear and convincing evidence such as a restraining order or condition placed on them by the mental health board before their civil commitment." (Filing 7 at CM/ECF p. 1.)

Pursuant to the discussion in the court's prior Memorandum and Order (Filing 6 at CM/ECF pp. 4-6), Plaintiff has alleged a plausible First Amendment claim against Defendants Kriss Boe Simmons, Tom Barr, and Diane (head nurse supervisor at NRC) in their individual capacities, and this matter may proceed to service of process as to those Defendants.[1]

Accordingly,

IT IS ORDERED:

1. Plaintiff's 42 U.S.C. § 1983 First Amendment claim against Defendants Kriss Boe Simmons, Tom Barr, and Diane (head nurse supervisor at the Norfolk Regional Center) in their individual capacities may proceed to service of process.

2. The Clerk of Court is directed to send three summons forms to Plaintiff at his last-known address. Plaintiff shall complete the summons forms, which must include the first and last names of each Defendant, in the absence of which service cannot occur. Plaintiff shall then return the completed summonses to the Clerk of the Court.

3. Upon obtaining the summonses from Plaintiff, the Clerk of Court is directed to issue the summonses for Defendants Kriss Boe Simmons, Tom Barr, and Diane (head nurse supervisor at the Norfolk Regional Center) in their individual capacities. The Clerk of Court is further directed to deliver the summonses, the necessary USM-285 Forms, the Complaint (Filing 1), the Amended Complaint (Filing 7), a copy of the court's previous Memorandum and Order on initial review (Filing 6), and a copy of this Memorandum and Order to the Marshals Service for

---

[1] Although the court finds that Plaintiff's claims may proceed against some of the Defendants, the court cautions him that this is only a preliminary determination based on the allegations of the Complaint and Amended Complaint and is not a determination of the merits of his claims or potential defenses thereto.

service of process on Defendants Kriss Boe Simmons, Tom Barr, and Diane (head nurse supervisor at the Norfolk Regional Center) in their individual capacities. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Fed. R. Civ. P. 4(e); Neb. Rev. Stat. §§ 25-508.01 & 25-510.02 (Westlaw 2020).[2]

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this Memorandum and Order to complete service of process.

6. The Clerk of Court is directed to set the following deadline: September 9, 2020—completion of service of process due.

7. Pursuant to General Order No. 2020-01 ¶ 6, because this non-prisoner case is proceeding to service of process, this case is removed from the pro se docket.

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

The Clerk of Court shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 11th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge