IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TIMOTHY JOSEPH CARROLL,

Plaintiff,

vs.

TOM BARR, Manager; KRISS BOE SIMMONS, Co-Manager/Assistant Manager; and DIANE, Head Nurse Supervisor;

Defendants.

8:20-CV-147

MEMORANDUM AND ORDER

## I. INTRODUCTION

Timothy Joseph Carroll has sued Tom Barr, Kriss Boe Simmons, and Diane Schumacher[1] in their individual capacities under 42 U.S.C. § 1983. Carroll claims that Defendants have violated his rights under the First Amendment by enforcing the Norfolk Regional Center's ("NRC's") telephone policy. Before the Court are Defendants' Motion for Summary Judgment, Filing 43, and Carroll's Motion for Injunctive Relief, Filing 49. For the reasons stated herein, the Court grants Defendants' motion and denies Carroll's motion.

---

[1] Although the case caption only lists the defendant head nurse supervisor as Diane, based on Defendants Brief in Opposition it appears that the full name of the head nurse supervisor at Carroll's facility is Diane Schumacher. Filing 47 at 14.

1

## II. BACKGROUND

NRC is a public psychiatric hospital which provides inpatient mental-health and sex-offender treatment to committed patients. Filing 44-1 at 2. Carroll is an involuntarily committed patient at NRC and is in its sex-offender treatment program. Filing 44-1 at 2; Filing 46-3 at 1. Pursuant to its sex-offender treatment program, NRC engages in a three-phase process to help patients accept responsibility, give and receive feedback, utilize coping skills, and build motivation for completing the program. Filing 44-1 at 2.

In general, NRC allows patients to communicate with individuals by telephone. Filing 44-3 at 1; Filing 44-4 at 1. However, NRC limits telephone use if outlined in a patient's treatment plan or in his or her physician orders. Filing 44-3 at 1; Filing 44-4 at 1. Moreover, NRC's phone policy states, "Limitations may be placed on calls when a call is made in a threatening manner, determined to be significantly detrimental to treatment, there is an elopement risk, and/or security of the patient and/or facility is at risk." Filing 44-3 at 2; Filing 44-4 at 2. The policy permits NRC to restrict calls to specific individuals and require patients to allow NRC staff to dial phone numbers. Filing 44-3 at 2; Filing 44-4 at 2. NRC claims it has this policy because, in the past, its patients have made harassing, threatening, or repetitive phone calls to the outside community. Filing 44-2 at 2. Restrictions on telephone use are explained to patients. Filing 44-3 at 2; Filing 44-4 at 2. Staff review restrictions at least every thirty days. Filing 44-3 at 2; Filing 44-4 at 2. Besides using the telephone, patients may also communicate with others by mail or in-person as a visitor. Filing 44-6 at 12-13; Filing 44-7 at 2–3; Filing 44-8 at 1.

In early 2020, West Gate Bank and the Nebraska State Patrol requested that NRC restrict Carroll's phone usage, alleging that Carroll was calling West Gate Bank and using threatening language. Filing 44-6 at 4–6, 10–11, 18; Filing 46-2; Filing 46-3. Carroll's calls stemmed from a

2

dispute he was having with West Gate Bank over closing his bank account. Filing 44-6 at 5–6. NRC prohibited Carroll from calling West Gate Bank and instituted the staff-dialed telephone restriction to ensure Carroll could not call the bank. Filing 46-2 at 1. The restrictions lasted from April 13, 2020, to May 13, 2020. Filing 46-2 at 1.

On April 20, 2020, Carroll sued Defendants. Filing 1. In his Amended Complaint, Carroll alleges that NRC's telephone policy violates the First Amendment. Filing 7 at 1. Specifically, Carroll contends that prohibiting him from calling certain individuals based solely on someone complaining to NRC and having staff members dial and listen to his telephone calls violates his free-speech rights. Filing 7 at 1. Defendants filed their Motion for Summary Judgment on July 9, 2021. Filing 43. On July 16, 2021, Carroll filed a Motion for Injunctive Relief. Filing 49.

### III. ANALYSIS

#### A. Standard of Review

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is not disfavored and is designed for every action." *Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (internal quotation marks omitted) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment

3

motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "an absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (citing *Celotex*, 477 U.S. at 323). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than 'the mere existence of *some* alleged factual dispute'" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

### B.  Defendants Are Entitled to Qualified Immunity

In their Motion for Summary Judgment, Defendants assert that their actions did not violate the First Amendment and that they are entitled to qualified immunity. Filing 47 at 7. In response, Carroll argues that Defendants forbidding him from calling West Gate Bank and having staff members dial his telephone calls on the basis of "hearsay and speculation" violates the First

Amendment.[2] Filing 57 at 2. The Court concludes that Defendants are entitled to qualified immunity.

"Qualified immunity shields officials from civil liability in § 1983 actions when their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Morgan v. Robinson, 920 F.3d 521, 523 (8th Cir. 2019) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)). Courts engage in a two-step inquiry when a party asserts qualified immunity: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." Id. (quoting Nord v. Walsh Cnty., 757 F.3d 734, 738 (8th Cir. 2014)). Both questions must be answered affirmatively to defeat a defense of qualified immunity. Id. "And, courts are 'permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first.'" Nord, 757 F.3d at 738–39 (quoting Pearson, 555 U.S. at 236).

A right is clearly established if it is "sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." Reichle v. Howards, 566 U.S. 658, 664, 132 S. Ct. 2088, 2093, 182 L. Ed. 2d 985 (2012) (alteration in original) (internal quotation marks omitted) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011)). "[T]he longstanding principle" is that "'clearly established law' should not be defined 'at a high level of generality.'" Morgan, 920 F.3d at 523 (quoting White v. Pauly, 137 S. Ct. 548, 552 (2017)). Rather, "[T]he

---

[2] In his brief, Carroll alleges that Defendants' conduct also violated the Fifth Amendment and a Nebraska statute governing the rights of those in custody pursuant to the Nebraska Sex Offender Commitment Act. Filing 57 at 2. See Neb. Rev. Stat. § 71-959. However, in a June 11, 2020 case screening order, Judge Richard G. Kopf allowed Carroll's lawsuit to proceed solely on a First Amendment claim under 42 U.S.C. § 1983. See Filing 8 at 1–2. At the summary-judgment stage, Carroll cannot "amend [his] complaint through argument in a brief opposing summary judgment." WireCo WorldGroup, Inc. v. Liberty Mut. Fire Ins. Co., 231 F. Supp. 3d 313, 318 (W.D. Mo. 2017) (quoting Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004)). Thus, only Carroll's First Amendment claim pursuant to 42 U.S.C. § 1983 is before the Court.

5

clearly established law must be 'particularized' to the facts of the case." *White*, 137 S. Ct. at 552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "There need not be a case 'directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate.'" *Morgan*, 920 F.3d at 524 (quoting *Ashcroft*, 563 U.S. at 741). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (per curiam) (internal quotation marks omitted)). Carroll has the burden of showing that the law is clearly established. *Id.*

After reviewing the caselaw in this circuit, the Court concludes that NRC's policy does not violate clearly established law. The Eighth Circuit recognizes that "[a]ny form of involuntary confinement, *whether incarceration or involuntary commitment*, may necessitate restrictions on the right to free speech." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1038–39 (8th Cir. 2012) (emphasis in original) (quoting *Martyr v. Bachik*, 755 F. Supp. 325, 328 (D. Or. 1991)). Indeed, "[a] prisoner has no right to unlimited phone use." *Id.* (quoting *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989)). Thus, "[a]lthough prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use." *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992)

The Eighth Circuit case *Beaulieu v. Ludemen* is directly on point. In that case, several civilly committed patients in Minnesota's Sex Offender Program sued several state officials for restricting telephone use. *Beaulieu*, 690 F.3d at 1021, 1037–38. These restrictions included preventing any incoming calls, recording all outgoing calls, and limiting certain calls to fifteen minutes. *Id.* at 1037–38. Applying the four-factor test from *Turner v. Safley*, 482 U.S. 78 (1987), the Court concluded that these restrictions did not violate the civilly committed patients' constitutional rights. *Id.* at 1038–41. In light of this Eighth Circuit precedent, the Court concludes

6

that the restrictions here do not violate clearly established law. Defendants are entitled to qualified immunity and, thus, summary judgment in their favor is warranted.

### C. Carroll's Motion for Injunctive Relief

Carroll's Motion for Injunctive Relief requests that NRC accommodate his "disability under the ADA." Filing 49 at 2. It also claims that defendant Diane Schumacher took his "legal books, papers" and other items. Filing 49 at 1–2. This case is about the First Amendment, not the Americans with Disabilities Act ("ADA"). Thus, injunctive relief under the ADA is not properly before this Court. Moreover, any claims related to Defendants denying Carroll access to certain items are unrelated to his First Amendment claim against NRC's phone policy. *See Johnson v. Hamilton*, 452 F.3d 967, 973–74 (8th Cir. 2006) (affirming summary judgment on claim based on denial of access to legal materials when the plaintiff did not present any evidence that supported a finding that he was injured or prejudiced). Thus, his motion is denied.

### IV. CONCLUSION

NRC's telephone policy does not violate clearly established law. Accordingly,

IT IS ORDERED:

1. Defendants Motion for Summary Judgment, Filing 43, is granted;

2. Carroll's Motion for Injunctive Relief, Filing 49, is denied;

3. Carroll's Amended Complaint, Filing 7, is dismissed, and

4. The Court will enter a separate judgment.

Dated this 28th day of October, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge